GORMAN, J.
It appears from the record that in 1911 George Marklein filed a petition in the court of insolvency for divorce against.his wife, Flora Marklein, averring that she was guilty of gross neglect of duty in that she had wilfully failed and neglected to take care of her home or perform her household duties. She was duly served with summons, and a return of such service was duly made.
On February 19, 1912, the court of insolvency entered a decree in favor of the plaintiff, George Marklein, for divorce on the ground that the wife was guilty of gross neglect of duty towards the plaintiff. The wife had filed no answer, and was in default for answer.
The court further ordered that the plaintiff pay to the defendant, Flora Marklein, the sum of $1,250 upon the endorsement of the decree, and further awarded to the defendant the sum of $3 per week, as alimony, for her support, the plaintiff to pay the costs.
It appears from the record that on February 17, 1912, two days before the decree was entered by the court of insolvency, Flora Marklein signed a paper which was thereafter filed in the court of insolvency on February 19, 1912, the day on which the decree for divorce and alimony was entered. This paper is a receipt to George Marklein, by Flora Marklein, for a municipal *521 bond of $1,000 issued by the city of Henderson, Kentucky, and also a check for $250 drawn upon the Western German Bank, and two solitaire diamond rings. The paper further sets out the following statement:
“I also agree to accept the sum of three ($3.00) dollars per week as alimony in the case of Marklein v. Marklein, and authorize the court of insolvency to so correct the decree made this day.”
The plaintiff, George Marklein, continued to pay said alimony of $3 per week until April 16, 1917, upon which date he filed a motion in the court of insolvency asking the court to terminate the payment of alimony.
Upon the hearing of this motion the wife was represented by counsel, who sought to show to the court that the amount of three dollars per week was by agreement of the wife and the husband at the time the divorce was granted in 1912.
The court refused to permit this evidence to be introduced, and refused to permit counsel for the wife to show that this agreement as to the payment of the sum of $3 per week for alimony was brought to the attention of the court at the time the decree for divorce was granted. And the court upon final hearing made an entry in the case terminating the payment of the three dollars per week as alimony.
Error is prosecuted to this court on the failure of the court of insolvency to permit the evidence to be introduced to show that the amount of $3 per week as alimony was by agreement between the husband and the wife and that this agreement was brought to the attention of the court on February 19, 1912, the time of the granting of the divorce and alimony.
A motion was made for a new trial, which was overruled.
It is claimed in this court that the insolvency court erred, and that this error was fatal to the plea of the wife, and that the judgment below'should be reversed.
We are of the opinion that the court below erred in refusing to permit counsel for Flora Marklein, plaintiff in error, to show that the amount of the alimony was agreed upon between herself and her husband. It would appear that there was no way in which the court would grant her $3 per week as alimony because *522 the defendant was in default for answer, unless it be by consent of the husband or by agreement between the parties. The record shows that the agreement consisting of a receipt by the wife, was signed two days before the decree was entered, and in ■this receipt it was set out, as we have above stated, that she agreed to accept $3 per week as alimony to be paid to her by the plaintiff, her husband. This paper was signed two days before the decree was entered and it was filed in that court, and presumably must have been shown to the court before the decree was there entered.
Aside from the fact that such paper was filed in the court, we hold that it was proper for the wife to show that there was an agreement between herself and husband before the entering of the decree, and that this agreement was for $3 per week to be paid by the husband; and further. that this agreement was brought to the attention of the court even though there were no written agreement between them. The entry itself fails to set out that the amount of $3 per week was by virtue of an agreement between the parties, but the admission of evidence to show that it was by virtue of agreement could have had no effect whatsoever in varying the terms of the agreement.
In the case of Wood v. Jackson, 8 Wend. (N. Y.) 2, the second paragraph of the syllabus is as follows:
“A former judgment may be given in evidence accompanied with such parol proof as is necessary to show the grounds upon which it proceeded, where such grounds from the form of the issue do not appear by the record itself, provided that the matters alleged to have been passed upon be such as might legitimately have been given in evidence under the issue joined, and such that when proved to have been given in evidence, it is manifest by the verdict and judgment that they must have been directly and necessarily in question and passed upon by the jury.”
This principle being applied to the trial court would make such parol evidence admissible, because this evidence would not tend to vary the terms of the decree, either to contradict it, or to make the decree more or less, or in any way to affect the validity or force of the decree.
Counsel for the husband has cited the case of Sargent v. *523 Sargent, 11 Dec. 218 (8 N. P. 238), as tending to support his contention that this evidence was incompetent, but an examination of the case cited shows that the court in the trial of the case did admit the oral evidence but subsequently was of the opinion that it ought not to have been admitted, although the court did admit the evidence tending to show the terms upon which the decree was entered.
In the case of Olney v. Watts, 43 Ohio St. 499 [3 N. E. 354], the court says that if the party complaining could have shown and proved that the amount of alimony was by virtue of an agreement, then it would be admissible.
We therefore hold that the court below in the trial of this cause should have permitted the oral evidence to be produced, as well as any written evidence tending to show that the amount of alimony to be paid to Flora Marklein by George Marklein was by virtue of an agreement to pay $3 per week and that this agreement was brought home to the knowledge of the court at the time the court ordered the decree to be entered; and because of failure of the court below to admit this evidence the plaintiff in error was prejudiced, and the judgment is reversed and the cause remanded to the insolvency court for a new hearing.
Jones and Hamilton, JJ., concur.